IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDELL HIGHTOWER, AIS 124216,  :

    Petitioner,  :

vs.  :  CA 15-0427-KD-C

CARTER DAVENPORT,  :

    Respondent.

## REPORT AND RECOMMENDATION

Wendell Davenport, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 5 (signed copy); *see also* Doc. 1 (unsigned copy).) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 and General Local Rule 72(a)(2)(R) (effective August 1, 2015). It is recommended that the instant petition be dismissed because it fails to state a claim for federal habeas corpus relief.[1]

## FINDINGS OF FACT

Based on the allegations gleaned from the petition for writ of habeas corpus (Doc. 5), Hightower was convicted on charges of first-degree rape and second-degree burglary in the Circuit Court of Mobile County, Alabama on March 29, 1995, and was sentenced to concurrent terms of life imprisonment (*see id.* at 2). Hightower's convictions and sentences were affirmed on appeal (*id.* at 3). *See Hightower v. State*, 683

---

[1] Based on the contents of this report and recommendation, petitioner's motion to proceed without prepayment of fees and costs (Doc. 2) is **DENIED**.

So.2d 1068 (Ala. Crim. App. 1996) (table). Hightower collaterally attacked his convictions and sentences in this Court, pursuant to 28 U.S.C. § 2254, on or about November 25, 1998, *see Hightower v. Jones,* CA 98-1188-AH-M, Doc. 13, at 2; however, this collateral attack was ultimately dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d), on June 8, 2000, *id.* at Docs. 17 & 18; *see also id.* at Doc. 13.

Hightower filed the instant habeas corpus petition in this Court on August 31, 2015 (Doc. 5, at 13 (signed copy)), and therein challenges the failure of the Circuit Court of Mobile County to resentence him pursuant to Section 13A-5-9.1 of the Alabama Code and *Kirby v. State,* 899 So.2d 968 (Ala. 2004). (*See id.* at 9.) More specifically, petitioner raises the following claims: (1) the trial court abused its discretion by denying his motion for reconsideration of sentence without giving any consideration to § 13A-5-9.1, that is, without noting his record of institutional behavior as supplied by the Department of Corrections and the Board of Pardons and Paroles; and (2) it is unclear whether the trial court ruled upon his "first" motion for reconsideration of sentence, filed in June of 2013 before the repeal of § 13A-5-9.1, or whether the ruling was directed solely to the motion for reconsideration of sentence filed on July 9, 2014, after the repeal of § 13A-5-9.1. (*Id.*)

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Andrews v. Culliver,* 2008 WL 4417299, *1 (M.D. Ala. Sept. 26, 2008) ("Petitioner objects to the Magistrate Judge's failure to direct an answer from the Respondents. He argues that his petition challenging the state court's denial of his request for reduction of sentence under Alabama Code § 13A-5-9.1 presents questions that involve more than matters of

state law[.] . . . Petitioner is plainly not entitled to relief on the face of his pleadings. Thus, summary denial—without an answer from Respondents—is proper."); *cf. Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

> There can be little question but that in *Kirby, supra,*
> 
> the Alabama Supreme Court held that "§ 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion." *Kirby,* 899 So.2d at 971.[2] The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to 'nonviolent convicted offenders'." *Id.* Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board. *Id.* at 974.

*Curry v. Culliver,* 141 Fed.Appx. 832, 833-834 (11th Cir. Jul. 15, 2005) (footnote added).[3]

Recognizing the Alabama Supreme Court's holdings in *Kirby* and the ultimate repeal of

---

[2] As petitioner recognizes in his § 2254 application (*see* Doc. 5, at 7), § 13A-5-9.1 has been repealed. *See Ex parte Hightower,* 2015 WL 1779637, *1 (Ala. Apr. 17, 2015) (Moore, C.J., concurring specially) ("Effective March 13, 2014, the Alabama Legislature repealed § 13A-5-9.1, Ala.Code 1975[.]").

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

(Continued)

§ 13A-5-9.1 of the Alabama Code, however, does not provide a basis for this Court to address Hightower's federal habeas corpus petition. Instead, this Court need look at the habeas corpus statute itself which makes explicit that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). Because a state prisoner necessarily must allege that he is in custody in violation of the Constitution or laws or treaties of the United States in order to be entitled to relief under § 2254, it has been a longstanding corollary that "'[a] state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Curry, supra,* 141 Fed.Appx. at 834, quoting *Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983).

Here, as aforesaid, Hightower claims that (1) the trial court abused its discretion by denying his motion for reconsideration of sentence without giving any consideration to § 13A-5-9.1, that is, without noting his record of institutional behavior as supplied by the Department of Corrections and the Board of Pardons and Paroles; and (2) it is unclear whether the trial court ruled upon his "first" motion for reconsideration of sentence, filed in June of 2013 before the repeal of § 13A-5-9.1, or whether the ruling was directed solely to the motion for reconsideration of sentence filed on July 9, 2014, after the repeal of § 13A-5-9.1. In making these claims, petitioner makes no reference to the United States Constitution or to any laws or treaties of the United States and this is because the matters about which Hightower has complaints are questions of state law.

*See Curry, supra,* 141 Fed.Appx. at 834. Indeed, his first claim is just a restatement of the claim made in *Curry, supra* ("Curry's claim on appeal is that he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1."), which was found to be a question of state law, *id.*, and his second claim is nothing which this Court can "clear up," as it is only the Circuit Court of Mobile County that can answer whether its July 13, 2014 ruling constituted a ruling on the motion for reconsideration of sentence Hightower allegedly filed in June of 2013 before the repeal of § 13A-5-9.1 and only the Alabama courts who can otherwise shed light on whether petitioner is entitled to any relief regarding the motion for reconsideration of sentence he allegedly filed in June of 2013, *see Ex parte Hightower, supra* ("Hightower, an inmate, filed his fourth motion for sentence reconsideration in May 2014, *after* the effective date of the repeal of § 13A-5-9.1. Therefore, his motion for sentence reconsideration was properly denied. However, Hightower alleges in his petition that he had filed a third motion for sentence reconsideration in June 2013, *before* the repeal of § 13A-5-9.1, and that the trial court never ruled on that motion. Hightower's third motion for sentence reconsideration is not before us, but if, as Hightower alleges, that motion was filed before the repeal of § 13A-5-9.1 and remains pending, Hightower may still have available to him the remedy of sentence reconsideration. If the trial court has indeed not ruled on Hightower's June 2013 motion for sentence reconsideration, then mandamus relief may be available to compel a ruling on that motion." (emphasis in original)). In other words, it is readily apparent to the undersigned that Hightower only raises questions of pure state law that provide no basis for federal habeas corpus relief. *Curry, supra,* 141 Fed. Appx. at 834. Accordingly, Hightower's petition should be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases, for failure to state a claim for federal habeas corpus relief. *Compare Andrews, supra,* at *1 *with Benson v. Daniels,* 2013 WL 5818296, *1

5

(N.D. Ala. Oct. 29, 2013) ("Petitioner . . . challenges the failure of the Circuit Court of Etowah County to resentence him pursuant to *Ala Code* § 13A-5-9.1 and *Kirby v. State*, 899 So.2d 968 (Ala. 2004). . . . Rule 4 of the *Rules Governing § 2254 Cases* allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief." (emphasis in original; footnote omitted)).

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) (internal quotation marks omitted). The Court should find that petitioner's claims do not satisfy either standard and it should decline to issue a certificate of appealability for the simple reason that Hightower's claims present no question of a constitutional nature.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Wendell Hightower's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be summarily dismissed because it does not state a claim for federal habeas corpus relief. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of September, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**